IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERMAN SANCHEZ,

    Petitioner,                                    No.  CIV S-10-2134 KJM CKD P

    vs.

GREG LEWIS,

    Respondent.                                  ORDER

_____/

        Petitioner, a state prisoner proceeding through counsel, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On May 23, 2012, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days.

        Petitioner has filed objections to the findings and recommendations, arguing that the magistrate judge improperly concluded that he was required to make a showing of materiality to trigger the *in camera* review of Correctional Officer Teach's personnel file; in petitioner's view, the materiality requirement applies only to the review itself and the determination whether

/////

1

to release information. ECF No. 21 at 5-6. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.

Petitioner argues that he made the required plausibility showing that information both material and favorable to the defense might be part of the personnel file. ECF No. 21 at 4. California's procedure for obtaining confidential information in a peace officer's file is triggered by filing a *Pitchess*[1] motion, describing the information sought and demonstrating good cause for the disclosure. *Griffith v. Almager*, No. CV 07-2415 R (FFM), 2011 WL 5037072, at *6 (C.D. Cal. Sep. 21, 2011). "A showing of 'good cause' requires the defendant to demonstrate the relevance of the requested information by providing a specific factual scenario which establishes a plausible foundation for the allegations of officer misconduct committed in connection with defendant." *Id*. (internal citation, quotation omitted). This procedure complies with *Pennsylvania v. Ritchie*, 480 U.S. 39, 58 n.15 (1987), the Supreme Court's examination of when a defendant may be given access to confidential material. *Harrison v. Lockyer*, 316 F.3d 1063, 1065-66 (9th Cir. 2003). Under *Ritchie*, as under *Pitchess*, a defendant "must first establish[] a basis for his claim that [the file] contains material evidence." *Pennsylvania v. Ritchie*, 480 U.S. at 58 n.15. The magistrate judge relied on this framework in evaluating the Court of Appeal's decision in this case and properly concluded that the Court of Appeal had not unreasonably applied federal law nor unreasonably decided factual issues in concluding that petitioner had not shown a plausible basis for triggering an *in camera* review. Petitioner's claim that the California courts departed from *Ritchie* is not supported by the record, which shows those courts found his "foundation for the allegations of officer misconduct" to be implausible.

Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper, if abbreviated, analysis.

/////

---

[1] *Pitchess v. Superior Court*, 11 Cal.3d 531 (1974).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 23, 2012, are adopted in full;

2. Petitioner's application for a writ of habeas corpus is denied; and

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: August 7, 2012.

_____
UNITED STATES DISTRICT JUDGE